UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Randall Nelson,                          Case No. 3:14-cv-01264

       Plaintiff

v.                                   MEMORANDUM OPINION
                                      AND ORDER

Michael Heldman,

       Defendant.

### BACKGROUND AND HISTORY

*Pro se* Plaintiff Randall Nelson filed this action under 42 U.S.C. § 1983 against Hancock County Sheriff Michael Heldman. In the Complaint, he claims he was a pretrial detainee in the Hancock County Jail from July 7, 2013 until December 8, 2013. He contends inmates in the Hancock County Jail are not permitted to receive newspapers or magazines for security reasons. He claims this is a violation of the First Amendment. He also contends the jail's library is inadequate, therefore denying inmates access to the courts. He seeks class action certification and injunctive relief.

Plaintiff's Complaint is very brief. He alleges he was arrested on July 7, 2013 and held in Hancock County Jail until he was transferred to a state prison on December 8, 2013. He claims that during his incarceration in the jail, he and other inmates were denied access to newspapers and periodicals because the jail did not provide them to inmates and they were not permitted to have these items sent to them through the mail for security reasons. He indicates he attempted to conduct legal research on this issue but discovered that the jail's law library contained few legal books, and those in the collection were not updated. He asserts claims for denial of his First Amendment right to receive newspapers and periodicals and his First Amendment right of access to

the courts. As indicated above, he argues all of the prisoners at the Hancock County Jail are subject to these conditions and requests class action certification and injunctive relief.

## STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on a clearly incorrect legal theory or when the factual contentions do not provide the basis for any legal cause of action. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## ANALYSIS

As an initial matter, Nelson cannot file a class action. Class certification is governed by Fed.R.Civ.P. 23, which provides:

> (a) Prerequisites to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.
>
> (b) Class Actions Maintainable. An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:
>
>> (1) the prosecution of separate actions by or against individual members of the class would create a risk of
>>
>>> (A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or
>>>
>>> (B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or
>>
>> (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or
>>
>> (3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

The Rule is explicit that a class action may not be certified unless the named plaintiff satisfies all four of the prerequisites set forth in subdivision (a), as well as at least one of the conditions set forth in subdivision (b). *In re American Med. Sys., Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996). The named plaintiff carries the burden of establishing these prerequisites. *See Id.*

In this case, class certification must be denied because Nelson has not satisfied the requirements of Rule 23(a)(4), that "the representative parties will fairly and adequately protect the interests of the class." Plaintiff is a *pro se* litigant now incarcerated in a state correctional institution. A litigant may bring his own claims to federal court without counsel, but not the claims of others. *See* 28 U.S.C. § 1654; *Eagle Associates v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991). "The competence of a layman is clearly too limited to allow him to risk the rights of others." *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) (internal quotation omitted). For this reason, a *pro se* inmate is not permitted to serve as class representative under Rule 23(a)(4). *See Howard v. Dougan*, No. 99-2232, 221 F.3d 1334, 2000 WL 876770, * 1 (6th Cir. June 23, 2000); *Palasty v. Hawk*, No. 00-5840, 15 Fed. Appx. 197, 200 (6th Cir. June 20, 2001) (citing *Fymbo*, 213 F.3d at 1321); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975). Because Nelson does not meet the requirements of Rule 23(a)(4), class certification in this case is denied.

Moreover, Nelson was transferred from the Hancock County Jail on December 8, 2013. A prisoner's claim for injunctive relief becomes moot when the prisoner is no longer confined at the prison where the claim allegedly arose. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996). As Nelson only seeks injunctive relief, his claims are moot.

Even if Plaintiff's claims were not moot, he fails to state a claim upon which relief may be granted. It is well settled that a "prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of

4

the corrections systems." *Pell v. Procunier*, 417 U.S. 817, 822 (1974). These rights include the right to receive mail, including publications, subject to legitimate penological interests. *Sheets v. Moore*, 97 F.3d 164, 166 (6th Cir. 1996) (citations omitted). Regulations affecting the sending of a publication to a prisoner must be analyzed under the factors set forth in *Turner v. Safley*, 482 U.S. 78 (1987) to determine whether they are reasonably related to legitimate penological interests. *Sheets*, 97 F.3d at 166 (citing *Thornburgh v. Abbott*, 490 U.S. 401, 413 (1989)). These factors include: (1) whether the governmental objective underlying the regulation is legitimate and neutral and whether the regulation is rationally related to that objective; (2) whether inmates have alternative means of exercising the right; and (3) the impact that accommodation of the asserted right will have on inmates and guards in the prison. *Abbott*, 490 U.S. at 414-18. With regard to publications in the prison context, "neutrality" means "the regulation or practice in question must further an important or substantial governmental interest unrelated to the suppression of expression." *Id.* Legitimate penological interests include security, order, and rehabilitation. *Procunier*, 416 U.S. at 413.

Nelson does not provide sufficient information to state a claim. He claims the jail does not stock newspapers or magazines and inmates are not allowed to have them sent to them through the mail. Prisons and jails can restrict the way publications are sent to inmates. For example, they can limit receipt of these materials to those sent directly from the publishers. *Bell v. Wolfish*, 441 U.S. 520, 550 (1979); *Ward v. Washtenaw County Sheriff's Dep't.*, 881 F.2d 325, 330 (6th Cir. 1989). The jail can prohibit publications sent to inmates from family members. *Bell*, 441 U.S. at 550. Nelson does not allege what types of restrictions are placed on the jail inmates' ability to receive publications through the mail. He therefore has not alleged facts to suggest his First Amendment rights were violated.

In addition, he has not stated a claim for denial of access to the courts. To state a claim for denial of access to the courts, a Plaintiff must allege that particular actions of the

5

Defendants prevented him from pursuing or caused the rejection of a specific non-frivolous direct appeal, habeas corpus petition, or civil rights action.  *Lewis v. Casey*, 518 U.S. 343, 351 (1996).  The right of access to the courts is directly related to an underlying claim, without which a Plaintiff cannot have suffered injury by being shut out of court. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002).  Nelson must therefore "plead and prove prejudice stemming from the asserted violation." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).  In order words, he must demonstrate "actual injury" by showing that his underlying claim was non-frivolous, and that it was frustrated or impeded by the Defendant.  *Lewis*, 518 U.S. at 353.  "It follows that the underlying cause of action, whether anticipated or lost, is an element that must be described in the Complaint...." *Christopher*, 536 U.S. at 415.

Here, Nelson has not demonstrated he suffered an actual injury. He contends he signed up for legal research time to research the issue of receipt of magazines and newspapers but the library contains very few legal books and the books they do make available are out of date.  He left the jail in December 2013 and filed this action six months later.  He has not alleged that Sheriff Heldman impeded him from filing this action.  Consequently, he was not denied access to the courts.

## CONCLUSION

Having considered and examined the *pro se* Plaintiff's pleading to determine its legal viability, I dismiss this action pursuant to 28 U.S.C. § 1915(e).  I certify that an appeal from decision cannot be taken in good faith.

So Ordered.

                                                    s/Jeffrey J. Helmick
                                                   United States District Judge